UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   Case No.: 1:25-cv-09254
Yakar Technologies, LLC,

      Plaintiff,   **ORIGINAL COMPLAINT**
-v.-   **FOR PATENT INFRINGEMENT**

High Rail LLC D/B/A WixGear,

      Defendants.
-----------------------------------------------------------x

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Yakar Technologies, LLC ("Yaker" or "Plaintiff"), files this Original Complaint for Patent Infringement and demand for jury trial seeking relief from patent infringement by High Rail LLC D/B/A WixGear ("WIX") for infringement of the claims of U.S. Patent No. 11,034,309 ("the '309 patent") (the "Patent-in-Suit"), and would respectfully show the Court as follows:

## I.   PARTIES

1. Plaintiff is a Texas Limited Liability Company, with its principal place of business located in Texas.

1. On information and belief, High Rail LLC D/B/A WixGear ("WIX") is a limited liability company organized under the laws of the state of New York with a principal place of business located at 787 Route 17M, Unit 601, Monroe, New York 10949.  WIX can be served with process at its place of business, at its registered agent, The LLC, 51 Forest Road, Suite 316-314, Monroe, New York 10950, or anywhere else it can be found.

2. On information and belief, WIX directly and/or indirectly imports, uses, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Southern District of New York, and otherwise directs infringing

1

activities to this District in connection with its products and services.

## II. JURISDICTION

3. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4. This United States District Court for the Southern District of New York has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the district giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of New York.

5. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of New York.

6. Defendant has committed acts of infringing the patent-in-suit within this District and the State of New York by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of New York, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of New York. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of New York.

7. This Court has personal jurisdiction over WIX because WIX has minimum contacts with

this forum as a result of business regularly conducted within the State of New York and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within New York and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Southern District of New York that Defendant knew would be used within this District, and by soliciting business from the residents of the Southern District of New York. For example, WIX is subject to personal jurisdiction in this Court because, *inter alia*, WIX directly and through agents regularly does, solicits, and transacts business in the Southern District of New York. Accordingly, this Court's jurisdiction over the WIX comports with the constitutional standards of fair play and substantial justice and arises directly from WIX's purposeful minimum contacts with the State of New York.

8. This Court also has personal jurisdiction over WIX, because in addition to WIX's own online website and advertising with this District (https://www.WixGear.com/), WIX has also made its products available within this judicial district and advertised to residents within the District.

9. The amount in controversy exceeds $75,000 exclusive of interests and costs.

10. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, WIX has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, WIX has regular and established places of business in this District.

### III.    THE PATENT-IN-SUIT

11. On June 15, 2021, United States Patent No. 11,034,309 ("the '309 patent"), entitled "Heavy Duty Magnet Mount" was duly and legally issued by the United States Patent and Trademark

Office ("USPTO"). A true and correct copy of the '309 patent is attached hereto as **Exhibit C**. Yakar owns the '309 by assignment. The '309 patent generally relates to further mounts for an electronic device includes a ferromagnetic element securable to the electronic device, and a mount body including a face plate and at least one leg, the magnet secured in the face plate, and the at least one leg movable from a stored position to a support position.

12. Yakar is the owner of the entire right, title, and interest in and to the Patent-in-suit. The Patent-in-Suit are presumed valid under 35 U.S.C. § 282.

## IV.   ACCUSED INSTRUMENTALITIES

13. The term "Accused Instrumentalities," "Accused Products" and "Accused Methods" refers to, by way of example and without limitation, WIX's Phone Accessories as provided at https://www.WixGear.com/ and related methods of use, as more fully shown in Exhibits B-E.

## V.   COUNT I - PATENT INFRINGEMENT OF THE '309 PATENT

14. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

15. Defendant directly and through intermediaries, make, use, sell, offer for sale, import, ship, distribute, advertise, promote, and/or otherwise commercialize such infringing mounting devices that infringes one or more of claims of the '309 patent, including one or more of claims 1-9, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '309 Patent into service (i.e., used them); but for Defendant's actions, the claimed embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the preliminary exemplary

table attached as Exhibits B, C, D, and E.  These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA) such as to cause infringement of one or more of claims 1-9 of the '309 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '309 patent and the technology underlying it from at least the filing date of the lawsuit.  For clarity, direct infringement is previously alleged in this complaint.

18. Defendant has and continue to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., to mount a device such as a cell phone or other PDA at WixGear.com (and related web sites) and product instruction manuals) such as to cause infringement of one or more of claims 1-9 of the '309 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '309 patent and the technology underlying it from at least the filing date of the lawsuit.  For clarity, direct infringement is previously alleged in this complaint.  The only reasonable use for the infringing products and services is an infringing use, and there is no evidence to the contrary.  The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.  As shown on Defendant's websites, such as WixGear.com. Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

19. On information and belief, Defendant made no attempt to design around the claims of the

'309 patent.

20. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '309 patent were invalid.

21. On information and belief, Defendant's Accused Products and Accused Methods are available to businesses and individuals throughout the United States and in the State of New York, including in this District.

22. Yakar has been damaged as the result of Defendant's infringement.

### VI.   CONDITIONS PRECEDENT

23. Plaintiff has never sold a product.  Upon information and belief, Plaintiff predecessor-in-interest has never sold a product.  Plaintiff is a non-practicing entity, with no products to mark.  Plaintiff has pled all statutory requirements to obtain pre-suit damages.  Further, all conditions precedent to recovery are met.  Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

24. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patent. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patent.  Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

25. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or

under Plaintiff's patent, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patent-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

26. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

27. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patent; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

28. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license

reflected a desire to end litigation and as such the policies of §287 are not violated.

### VII. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yakar respectfully requests the following relief:

a. enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the

Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ David J. Hoffman*
David J. Hoffman
6576 Milestip Road
Orchard Park, New York 14127
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

**Attorneys for Yakar Technologies, LLC**